NOT FOR PUBLICATION

RECEIVED
FEB 03 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LORRIE MARQUIS,

    Plaintiff,

v.

FARM SERVICE AGENCY, UNITED STATES DEPARTMENT OF AGRICULTURE, THOMAS ORGO, CYNTHIA FOISTER, and PAUL HLUBIK,

    Defendants.

Civ. No. 14-6715

OPINION

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter has come before the Court on the motion to dismiss brought by Defendants Farm Service Agency ("FSA"), United States Department of Agriculture ("USDA"), Thomas Orgo ("Defendant Orgo"), Cynthia Foister ("Defendant Foister"), and Paul Hlubik ("Defendant Hlubik") (collectively "Defendants"). The motion is unopposed.[1] The Court has decided the motion based on the written submissions and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendants' motion will be granted; Count I of the Complaint is dismissed with prejudice; Count II of the Complaint is dismissed without prejudice. The Court provides Plaintiff fifteen (15) days from the date of the Order accompanying this Opinion to amend the Complaint with respect to Count II.

---

[1] Despite this Court granting Plaintiff multiple extensions of time to file an opposition to Defendant's motion to dismiss, Plaintiff has failed to timely oppose Defendant's motion.

1

## BACKGROUND

The Complaint of Plaintiff Lorrie Marquis ("Plaintiff") asserts state-law claims for breach of contract and fraud against the Defendants. Plaintiff makes the following allegations. Plaintiff is a former employee of the FSA. (Compl. ¶ 5, ECF No. 1). Plaintiff alleges that Defendant Orgo, a co-worker, sexually harassed her and that she reported the sexual harassment to her superior, Defendant Foister. (*Id.* ¶¶ 12, 13). Defendant Foister conducted an investigation and issued a report that resulted in a finding that Plaintiff's claim of sexual harassment was not substantiated. (*Id.* ¶¶ 13, 14). That investigation and subsequent report were biased, incomplete, and procured as a result of fraud because Defendant Orgo misrepresented the facts, Defendant Foister purposefully and knowingly failed to properly investigate Plaintiff's claims and Defendant Hlubik conspired with Foister to ensure that the sexual assault investigation and subsequent report exonerated Orgo. (*Id.* ¶¶ 14–17). Plaintiff was subjected to retaliation in the form of an unwarranted written reprimand and unfavorable temporary work assignment. (*Id.* ¶¶ 19–21). As a result of this fraud perpetrated by Defendants, Plaintiff left the employ of the FSA.

## LEGAL STANDARDS

### 1. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A motion to dismiss for lack of subject matter jurisdiction may either (1) "attack the complaint on its face" or (2) "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege

sufficient grounds to establish subject matter jurisdiction." *D.G. v. Somerset Hills School Dist.*, 559 F.Supp.2d 484, 491 (D.N.J. 2008). On a facial attack, a court must accept the allegations in the complaint as true. *Mortensen*, 549 F.2d at 891.

### 2. Federal Rule of Civil Procedure 12(b)(6)

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, No. 14-3792, 2016 WL 106159 (3d Cir. Jan. 11, 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). If the complaint does not demonstrate more than a "mere possibility of misconduct," the complaint must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## ANALYSIS

### 1. Federal Tort Claims Act

Defendants argue that the Court lacks subject-matter jurisdiction over Plaintiff's claim for fraud contained in Count I of the Complaint. "[T]he United States, as a sovereign, is immune from suit save as it consents to be sued …, and the terms of its consent to be sued in any court

3

define that court's jurisdiction to entertain that suit." *United States v. Mitchell,* 445 U.S. 535, 538 (1980). The Federal Tort Claims Act ("FTCA") is a limited waiver of sovereign immunity that provides the exclusive remedy for tort claims against the United States. *See Santos v. United States*, 559 F.3d 189, 193 (3d Cir. 2009). It provides that the United States shall be liable

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C.A. § 1346(b)(1). "[T]he FTCA does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court." *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 362 (3d Cir. 2001). "The sole proper defendant on an FTCA claim is the United States, and not its employees or officers whose conduct gives rise to the tort claim." *Pilkey v. Lappin*, 2006 WL 1843098, at *8 (D.N.J. June 28, 2006).

In this case, Plaintiff brings a tort claim, fraud, against a federal agency (the USDA), one of its components (the FSA), and three FSA employees. This is impermissible, and the only proper defendant in an FTCA case is the United States.

Further, an amendment to the Complaint to substitute the United States as a Defendant would be futile. Defendant argues that even if Plaintiff's fraud claim were brought against the United States, the claim must be dismissed because 28 U.S.C. § 2680(h) bars fraud claims against the United States. The FTCA provides that the limited waiver of sovereign immunity contained therein shall not apply to "any claim arising out of" certain enumerated torts committed by federal employees, including "assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). Although "fraud" does not appear in the list of

4

enumerated torts, the Third Circuit has held that 28 U.S.C. § 2680(h) bars claims arising out of fraud. *See Beneficial Consumer Disc. Co. v. Poltonowicz*, 47 F.3d 91 (3d Cir. 1995). Accordingly, permitting Plaintiff to amend Count One of her Complaint would be futile. Therefore, Plaintiff's claim for fraud contained in Count One of Plaintiff's Complaint is dismissed with prejudice.

### 2. Plaintiff's Breach of Contact Claim

Defendant also argues Plaintiff's claim for breach of contract contained in Count II of the Complaint must be dismissed because the Court of Federal Claims has exclusive jurisdiction over breach of contract against the United States where the damages sought are greater than $10,000. "Under the Tucker Act, the Court of Federal Claims has exclusive jurisdiction over non-tort claims against the Government for greater than $10,000." *Clinton v. Goldsmith*, 526 U.S. 529, 539 n.13 (1999); *see also Wilson v. Squirell*, 2000 WL 33154288, at *6 (E.D. Pa. Jan. 29, 2000); *Baig v Nuclear Regulator Commission*, 2011 WL 2214660, at *6 (D.N.J. 2011).

In this case, Plaintiff's Complaint seeks money damages, attorney's fees, litigation costs, punitive damages, and interest. (*See* Compl.). However, Plaintiff fails to specify whether her breach of contract claim found in Count Two seeks more or less than $10,000. The only way that this Court would have jurisdiction over Plaintiff's sole remaining claim would be if Plaintiff were seeking damages of $10,000 or less. Therefore, the Court will dismiss Count II of the Complaint without prejudice and grant Plaintiff fifteen days to amend Count Two of her Complaint to demonstrate that she is seeking damages in the amount of $10,000 or less and that this Court has jurisdiction over her sole remaining claim.

### 3. Title VII

Additionally, Defendants argue that the Complaint should be dismissed for failure to state a claim because Plaintiff was required to bring her claims under Title VII, but failed to do so.

Title VII provides the exclusive remedy for federal employees alleging discrimination in the workplace. *Brown v. General Serv. Admin.*, 425 U.S. 820, 832–35 (1976); *McGuire v. Potter*, 2006 WL 2883234 at *5 (D.N.J. Oct 6. 2006). Because Title VII provides the exclusive remedy, common-law claims that arise from the same set of facts are preempted. *McGuire*, 2006 WL 2883234 at *5; *Gurchensky v. Potter*, 2010 WL 2292171, at *6 (D.N.J. May 28, 2010).

In this case, Plaintiff's Complaint alleges breach of contract and fraud. Defendants argue that Plaintiff's claims are "quintessential allegations of workplace discrimination, harassment, and retaliation," (Defs.' Br. at 5, ECF No. 18) and as a result, her claims fall within the scope of Title VII. However, in contrast to the cases cited by Defendants in their brief, Plaintiff's Complaint does not invoke Title VII or include any allegation of workplace discrimination based on one of the enumerated grounds—race, color, religion, sex, or national origin—contained in Title VII. *See* 42 U.S.C. § 2000e-2. Defendant has failed to demonstrate that Plaintiff's breach of contract and fraud claims are within the scope of Title VII. Therefore, the Court is not persuaded that Title VII preempts these claims.

## CONCLUSION

For the foregoing reasons, Defendants' motion will be granted; Count I of the Complaint is dismissed with prejudice; Count II of the Complaint is dismissed without prejudice. The Court provides Plaintiff fifteen (15) days from the date of the Order accompanying this Opinion to amend the Complaint with respect to Count II. An appropriate order will follow.

ANNE E. THOMPSON, U.S.D.J.

Date: 2/2/17

6