RECEIVED APR 25 2017 AT 8:30 WILLIAM T. WALSH CLERK

NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORRIE MARQUIS,<br><br>Plaintiff,<br><br>v.<br><br>FARM SERVICE AGENCY, UNITED STATES DEPARTMENT OF AGRICULTURE, THOMAS ORGO, CYNTHIA FOISTER, and PAUL HLUBIK,<br><br>Defendants. | Civ. No. 14-6715<br><br>**OPINION** |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter has come before the Court on the motion for reconsideration brought by Defendants Farm Service Agency ("FSA"), United States Department of Agriculture ("USDA"), Thomas Orgo ("Defendant Orgo"), Cynthia Foister ("Defendant Foister"), and Paul Hlubik ("Defendant Hlubik") (collectively "Defendants"). (ECF No. 24). The motion is unopposed. The Court has decided the motion based on the written submissions and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendants' motion will be granted.

## BACKGROUND

The Complaint of Plaintiff Lorrie Marquis ("Plaintiff") asserts state-law claims for breach of contract and fraud against the Defendants. Plaintiff makes the following allegations in her Complaint. Plaintiff is a former employee of the FSA. (Compl. ¶ 5, ECF No. 1). Plaintiff alleges that Defendant Orgo, a co-worker, sexually harassed her and that she reported the sexual

1

harassment to her superior, Defendant Foister. (*Id.* ¶¶ 12, 13). Defendant Foister conducted an investigation and issued a report that resulted in a finding that Plaintiff's claim of sexual harassment was not substantiated. (*Id.* ¶¶ 13, 14). That investigation and subsequent report were biased, incomplete, and procured as a result of fraud because Defendant Orgo misrepresented the facts, Defendant Foister purposefully and knowingly failed to properly investigate Plaintiff's claims and Defendant Hlubik conspired with Foister to ensure that the sexual assault investigation and subsequent report exonerated Orgo. (*Id.* ¶¶ 14–17). Plaintiff was subjected to retaliation in the form of an unwarranted written reprimand and unfavorable temporary work assignment. (*Id.* ¶¶ 19–21). As a result of this fraud perpetrated by Defendants, Plaintiff left the employ of the FSA.

The Court previously granted Defendants' motion to dismiss and dismissed Count I of the Complaint with prejudice, dismissed Count II of the Complaint without prejudice and provided Plaintiff fifteen days to amend the Complaint with respect to Count II. Defendants seek reconsideration of that decision.

## **LEGAL STANDARD**

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. A timely motion for reconsideration may only be granted upon a finding of at least one of the following grounds: "(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993). Reconsideration is an "extraordinary remedy" that is rarely granted. *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (internal citations omitted). "A party seeking

2

reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (citation omitted).

When the court considers the merits rather than solely the procedural propriety of a reconsideration motion, the motion for reconsideration has been granted. *In re Telfair*, 745 F. Supp. 2d 536, 538 n.1 (D.N.J. 2010). However, reconsideration does not guarantee a different or even a better result. *Rojas v. City of New Brunswick*, 2007 U.S. Dist. LEXIS 26303, 7-10 (D.N.J. Apr. 9, 2007).

## ANALYSIS

Defendants argue that the Court made an error of fact and law when it found that "plaintiff's complaint does not invoke Title VII or include any allegation of workplace discrimination based on one of the enumerated grounds–race, color, religion, sex, or national origin." (Def's. Mot. at 2, ECF No. 24). Defendants cite *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57 (1986), and argue that the allegations contained in Plaintiff's Complaint are actionable under Title VII as a claim for sex discrimination. Defendants made a similar argument in their original motion, and therefore the Court will reconsider this argument.

The Court is persuaded that reconsideration is necessary to correct a clear error. The Court finds that the allegations contained in Plaintiff's Complaint embraced discrimination on the basis of sex, and the Court corrects its February 2, 2017 opinion (ECF No. 22) to the extent that it held otherwise.

Next, however, the Court must consider whether Title VII preempts Plaintiff's claims. Title VII provides the exclusive remedy for federal employees alleging discrimination in the

3

workplace. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832–835 (1976); *see also McGuire v. Potter*, 2006 WL 2883234, at *5 (D.N.J. Oct. 6, 2006). Plaintiff alleges in her Complaint that she was an employee of the FSA. In their motion to dismiss, Defendants claimed that Plaintiff was not a "federal employee" as the term is defined by 5 U.S.C. § 2105, but that such individuals generally are treated as federal employees for civil rights and FTCA actions. However, the cases cited by Defendants to support their argument differ from the case at hand. In the cited cases, the courts faced different statutes, procedural postures, or more developed factual records. In this case, however, the Court is not able to make a determination on the current record as to whether Plaintiff was a federal employee and whether her claims are preempted by Title VII.

## CONCLUSION

In view of the above, with no opposition being advanced by Plaintiff, Defendants' motion for reconsideration will be granted. An appropriate order will follow.

Date: 4/25/17

ANNE E. THOMPSON, U.S.D.J.

4